UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| NEO NETWORK, INC.,<br><br>    Plaintiff,<br><br>v.<br><br>CITY OF DETROIT, et al.,<br><br>    Defendants. | Case No. 25-cv-12745<br><br>Honorable Robert J. White |

**STIPULATED PROTECTIVE ORDER**

Pursuant the Court's authority, and on stipulation of the parties,

**IT IS HEREBY ORDERED** that any party or non-party (the "producing party") may designate information, documents, or things as "Confidential" under the following terms and conditions:

1. Any document, information, or thing may be designated "Confidential" if (a) it contains confidential, competitively sensitive, or proprietary information that is not readily and publicly accessible, (b) if it is disclosed publicly would likely cause oppression, competitive disadvantage, infringement of privacy rights established by statute or regulation, or infringement of confidentiality requirements established by statute or regulation, (c) it contains information subject to a confidentiality agreement, (d) it contains Protected Health Information as defined by 45 CFR

1

§ 160.103, or (e) if it is used for purposes other than those authorized by this Order could cause oppression or competitive disadvantage.

2. A producing party may designate any document or other tangible information or thing as "Confidential" by conspicuously stamping or appending the appropriate designation. In the case of a paper document, a producing party may so mark the first page of a multipage document or each applicable page. In the case of an electronic document, a producing party may append to that document the appropriate designation that does not alter the metadata associated with the document or may place the appropriate designation mark "CONFIDENTIAL" on the outside of the medium (whether disc, hard drive, etc.) containing the document.

3. A copy of this protective order shall be served with any subpoena seeking documents or information from a non-party.

4. A non-producing party may also designate any document, information, or things produced during the course of this proceeding, not already designated "Confidential" as "Confidential" as if it were a producing party. The non-producing party shall accomplish such designation by notifying all parties in writing of the specific item so designated.

5. A producing party may designate documents, information, or things disclosed at a deposition as "Confidential" on the record during the deposition or, within fifteen (15) days of receiving the deposition transcript, by notifying all parties

in writing of the specific item so designated or the lines and pages of the transcript that are "Confidential." All deposition transcripts and exhibits will be deemed temporarily Confidential for a period of fifteen (15) days after the receipt of the deposition transcript.

      a.    If a producing party designates such materials as "Confidential" on the record, the court reporter shall indicate on the cover page that the transcript includes "Confidential" information and shall list the pages and line numbers and/or exhibits of the transcript where such information is contained and shall bind the transcript in separate portions containing "Confidential," and non-Confidential material. Further, during the period in which such "Confidential" information is discussed during the deposition, any person present during the deposition who is not authorized to receive such information under Paragraph 10 below, shall be excluded from that portion of the deposition.

      b.    A non-producing party may designate documents, information, or things disclosed at a deposition as "Confidential" in the same manner as a producing party.

6.    If a party producing documents inadvertently fails to mark a document as "Confidential" for which it desires such treatment, it shall so inform the party receiving the documents forthwith, but in no event later than fifteen (15) days following the discovery of the inadvertent disclosure. The receiving party thereupon

shall return the unmarked documents to the producing party and the producing party shall substitute properly marked documents.

7.  The inadvertent or unintentional disclosure by a producing party supplying confidential discovery material, regardless of whether such discovery material was designated as "Confidential," shall not be deemed a waiver in whole or in part of the producing party's claim of confidentiality with respect to the discovery material disclosed, provided that the producing party making such inadvertent or unintentional disclosure notifies the receiving parties forthwith, but in no event later than fifteen (15) days after it learns of such inadvertent or unintentional disclosure. If discovery material was disclosed and is subsequently designated as "Confidential," the disclosing party shall make good faith efforts to preserve the "Confidential" nature of such discovery material and to obtain compliance with this Order from any person to whom such discovery material was disclosed.

8.  If a producing party, at the time of disclosure, inadvertently fails to identify as "Confidential" any discovery material (including, without limitation, documents, oral, visual, or recorded information) for which it desires such treatment, and another party files the material with the Court prior to receiving notice that such material was inadvertently disclosed without the desired designation, the producing party who made the inadvertent disclosure shall be responsible for seeking appropriate relief from the Court.

9. A receiving Party may challenge a producing Party's or non-party's designation of material at any time. Any receiving Party disagreeing with a Confidential Material designation may request in writing that the producing Party or non-party change the designation of a portion or all of the material. The Parties shall attempt to resolve each challenge in good faith by conferring directly within ten (10) business days after receipt of that request. If the Parties are unable to reach agreement within this ten (10) business day time-frame, it shall be the obligation of the producing Party or non-party to file and serve an appropriate motion to the United States District Court for the Eastern District of Michigan (the "Court"), no later than five (5) business days after the conclusion of the ten (10) business day period, requesting the Court to retain the confidentiality designation. If such a motion is timely filed, the disputed material shall be treated as Confidential under the terms of this Protective Order until the Court rules on the motion. If the producing Party or non-party fails timely to file such a motion, the disputed material shall lose its designation as Confidential and shall not thereafter be treated as Confidential in accordance with this Stipulated Protective Order. In connection with a motion filed under this provision, the producing Party or non-party shall bear the burden of establishing that the disputed material should be treated as Confidential.

10. "Confidential" designated information, documents, or things produced, exchanged, or inspected in the course of this proceeding shall be used solely for the

5

purposes of this proceeding and shall not be used or disclosed in connection with any other litigation or for any business, commercial, competitive, personal, or other purpose. If either party appeals any decision in this matter and that decision includes or relies upon information designated as Confidential, such information may be used for the limited purpose of prosecuting the appeal.

      11.    All documents, information, or things designated as "Confidential" shall be made available only to the Court's staff and to counsel for the parties (including the paralegal, clerical, and secretarial staff employed by such counsel in connection with this case) and the following persons:

      a.    parties and those agents, officers, directors and employees that are directly involved in the prosecution or defense of this matter;

      b.    experts or consultants (together with their clerical staff) retained by the respective parties to assist in this case;

      c.    any court reporter employed in this case;

      d.    a witness at any deposition or other proceeding in this case;

      e.    a potential witness; and

      f.    any other person with the written consent of the parties (and any affected non-party person or entity producing Confidential information or documents) or upon order of the Court.

12. Materials designated as "Confidential" shall not be made available to persons other than those authorized in paragraph 11 above – even if attached to or contained within otherwise non-Confidential materials, such as transcripts, memoranda, discovery responses, or affidavits. The "Confidential" information must be removed before the remaining materials may be made available to those other persons.

13. Notwithstanding anything to the contrary contained herein, materials designated as "Confidential" shall not be disclosed by opposing counsel to a witness at any deposition or other proceeding in this case, to a potential witness, or to a testifying or non-testifying expert or consultant, or to any other person to whom the producing party has given consent, unless and until such person has first been supplied with and has read a copy of this Protective Order and has acknowledged in writing that he or she has read, understands and agrees to strictly comply with the provisions of this Protective Order.

14. Counsel shall maintain files containing materials designated as "Confidential" in a secure location. This provision shall not prevent use of an ESI vendor or host who restricts access to those persons permitted to review Confidential materials as set forth in this Protective Order.

15. This Protective Order does not authorize the filing of any documents under seal. Documents may be sealed only if authorized by statute, rule, or order of

the Court. A party seeking to file under seal any paper or other matter in any civil case pursuant to this section shall file and serve a motion or stipulation that complies with the requirements set forth in Local Rule 5.3. No party shall file or otherwise tender to the Clerk any item proposed for sealing unless the Court has entered an order allowing filing under seal.

    a. Whenever a motion stipulation to seal is filed, the party seeking to file under seal shall submit a proposed or stipulated order which states the particular reason the seal is required. The proposed order shall be submitted via the link located under the "Utilities" section of CM/ECF.

16. No documents, information, or things designated as "Confidential," that are included in pleadings, motions, briefs, declarations, or exhibits shall be publicly filed with the Court, unless the Court denies the applicable Motion to Seal, issues an Unsealing Order, or other order of the Court. If authorized in accordance with paragraph 15, if hardcopies are delivered to the Court, such sealed envelopes shall bear the case caption and shall recite a concise, non-disclosing inventory of their contents for docketing purposes. Additionally, in the case of materials or information designated "Confidential," such sealed envelopes shall prominently bear the notice:

**CONTAINS CONFIDENTIAL INFORMATION SUBJECT TO PROTECTIVE ORDER. TO BE OPENED ONLY BY OR AS DIRECTED BY THE COURT.**

The parties acknowledge that delivery of papers filed under seal to Federal Court facilities must be done in compliance with Local Rule 83.31(a)(3)(B). To the extent practical, only those portions of a filing with the Court that contains material designated as "Confidential" shall be filed under seal or provided to the Court for in-camera inspection. Wherever possible, the parties shall endeavor to redact portions of documents rather than sealing entire documents. The Court and its staff shall maintain all filings so designated pending further order or direction from the Court. Provided that no "Confidential" information is disclosed, the parties may generally refer to documents designated as "Confidential" in pleadings, motions, briefs, affidavits, or exhibits filed with the Court, without filing such pleadings, motions, briefs, affidavits, or exhibits under seal.

17. Nothing in this Order shall preclude any party or their attorneys from:

    a. Showing materials designated as "Confidential" to an individual who either prepared or reviewed the document, or is shown by the document, to have received the document.

    b. Disclosing or using, in any manner or for any purpose, any information, documents, or things from the party's own files that the party itself designated as "Confidential."

   c. Disclosing or using, in any manner or for any purpose, any information, document, or thing at the trial of this matter. But if a party intends to use or offer into evidence at such trial any materials designated as "Confidential," that party must, unless otherwise ordered by the Court, so inform the producing party in a reasonable time in advance to allow the producing party to take such steps that it deems reasonably necessary to preserve the confidentiality of such information or documents.

  18. If a party is served with a subpoena or similar process, from any person or entity whatsoever, directing that party to produce any materials designated as "Confidential" by another party, counsel for that party shall promptly give counsel for the designating party written notice of such service so that the designating party may seek a protective order or otherwise act to protect the confidentiality of the designated materials.

  19. Within sixty (60) days of the conclusion of this action, including any appeals, all originals and reproductions of any materials designated as "Confidential" shall be destroyed at the request of the producing party; provided, however, counsel for the parties may retain one complete set (including exhibits) of pleadings and motion papers filed with the Court, and one complete copy of deposition testimony given in this action, in addition to materials designated as "Confidential" in a secure location - subject to any applicable Statute of Limitations.

Upon request, counsel for the receiving party shall provide written verification to the producing party that all copies of such materials produced to the receiving party have been destroyed, other than as indicated in this paragraph. Materials designated as "Confidential" that are in the custody of the Court are excepted from the terms of this paragraph.

20. If information or materials are inadvertently produced that are subject to a claim of attorney-client privilege, attorney work product, or any other ground on which production of such information or materials should not be made to a party, such production shall in no way prejudice or otherwise constitute a waiver of, or estoppel as to, any claim of privilege, work product or other ground for withholding production to which the producing party would otherwise be entitled. Any and all facially privileged or work product materials inadvertently produced shall be deleted/destroyed or returned promptly, when discovered. Any other inadvertently produced privileged materials shall be promptly deleted/destroyed or returned upon the request of the producing party.

21. The terms of this Protective Order shall remain in effect after the action and any related appeals are concluded, except that there shall no longer be any restriction on the use of materials designated as "Confidential" that are used as exhibits at trial (unless such exhibits were used under seal or protective order at trial).

SO ORDERED.

Dated: January 16, 2026    s/Robert J. White
　　　　　　　　　　　　　　Robert J. White
　　　　　　　　　　　　　　United States District Judge

**STIPULATED TO:**

/s/ Anita Taff-Rice　　　　　　　　　　/s/ Ben Patterson
Anita Taff-Rice　　　　　　　　　　　　Ben Patterson (P85118)
iCommlaw　　　　　　　　　　　　　　City of Detroit Law Department
Attorney for Plaintiff　　　　　　　　　Attorney for Defendants
1547 Palo Verdes, Ste #298　　　　　　2 Woodward Ave., Ste. 500
Walnut Creek, CA　　　　　　　　　　Detroit, MI 48226
(415) 699-7885　　　　　　　　　　　(313) 237-5082
anita@icommlaw.com　　　　　　　　ben.patterson@detroitmi.gov

/s/ Andrew M. Creal
Taft Stettinius & Hollister LLP
Attorney for Plaintiff
27777 Franklin Road, Ste. 2500
Southfield, MI 48076
248-727-1564
acreal@taftlaw.com